306 A.2d 172.

Thomas W. Zona *vs.* North Providence Board of Canvassers.

JUNE 20, 1973.

Present: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

Roberts, C. J. This is a petition for a writ of mandamus pursuant to the provisions of G. L. 1956 (1969 Reenactment) §17-24-1, to compel the respondent board of canvassers to issue to the petitioner, Thomas W. Zona, a certificate of election to the Town Council of the Town of North Providence.

It appears that at an election held on November 7, 1972, Thomas W. Zona received a majority of the votes cast for the town council in North Providence District No. 2. On December 7, 1972, the North Providence Board of Canvassers, by a two-to-one vote, refused to issue to Mr. Zona a certificate of election, giving as a reason for such action that he already held office as a member of the school committee of that town. The petitioner then brought this pe-

tition for a writ of mandamus, asking this court to command the North Providence Board of Canvassers to issue to him a certificate of election to the town council representing District No. 2.

Section 17-24-1, in part, provides that where the person in a town charged with a duty to declare the result of an election fails to perform that duty, this court, upon the petition of any citizen of the town, shall forthwith issue a writ of mandamus ordering that person to perform that duty within 24 hours. Moreover, the section provides that if the duty is not performed within 24 hours after the issuance of the writ, this court shall appoint a suitable person to perform that duty, and the person refusing to obey that writ shall, in addition to any other penalties of law, be held liable for contempt of court.

Our General Assembly, conscious of the fact that elections are fundamental to our political system, has enacted a sound and comprehensive system for conducting elections. Section 17-24-1 has an important part in that scheme because it empowers the highest court in this state to promptly issue mandamus when any local board of canvassers fails to perform a ministerial act. Local boards of canvassers are instructed to tabulate and announce the results of town elections and to issue certificates of election after a period in which a candidate may request a recount expires. Section 17-19-36. Nothing within our General Laws empowers local boards of canvassers to withhold a certificate of election once it has been determined that a candidate has received the requisite number of votes to be elected.

There being no dispute that Mr. Zona received a majority of the votes cast in the election for the office of town councilman in District No. 2 on November 7, 1972, the respondent board of canvassers has a clear legal duty to perform the ministerial act involved in issuing to Mr. Zona the appropriate certificate of election. Upon failure to

perform that duty, mandamus will lie to compel the board to so do.

The relief prayed for in the petition is granted, and a peremptory writ of mandamus shall issue, commanding the respondent board to issue the proper certificate of election to the petitioner.

Mr. Justice Joslin did not participate.

*Donald R. Lembo,* for petitioner.

*Robert S. Ciresi,* for respondent.